IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| GARY P.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-CV-00068-H-BU |
| | § | |
| ANDREW M. SAUL, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gary P. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision should be reversed and remanded for reconsideration.

I. BACKGROUND

Plaintiff alleges disability beginning February 16, 2018, due to a variety of ailments, including Parkinson's disease, a lower back impairment, neuropathy, anxiety, and depression. Dkt. No. 15 at 2. Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") on March 8, 2018. Tr. 155–58. Plaintiff's DIB application was denied initially, Tr. 94–98, and upon reconsideration, Tr. 101–104. Plaintiff challenged the denials and requested a hearing before an

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

Administrative Law Judge ("ALJ"). Tr. 107–108. Plaintiff's request for a hearing was granted.

The ALJ held an administrative hearing on May 29, 2019, where Plaintiff was represented by a non-attorney representative. Tr. 11. Plaintiff and a vocational expert ("VE") offered testimony at the hearing. Tr. 43–66. Plaintiff was 64 years old at the time of the hearing. Tr. 47. He has a high school education, completed some college courses, and has past work experience as an inventory clerk, delivery driver, and sales representative. Tr. 47–49, 63. Plaintiff alleges he stopped working in February 2018 due to fatigue, balance issues, and back pain. Tr. 50.

Ultimately, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled, and therefore not entitled to disability benefits. *See* Tr. 8–29. The ALJ's decision followed the five step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). At step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 16, 2018, the alleged disability onset date. Tr. 13. At step two, the ALJ found that Plaintiff had the severe impairments of Parkinson's disease, lumbar spondylosis, and peripheral neuropathy. *Id*. The ALJ further determined that Plaintiff's hypertension, unspecified anxiety disorder, unspecified depressive disorder, and unspecified neurocognitive disorder were non-severe impairments. Tr. 14–15.

At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments met or equaled the severity of one of the impairments listed in the Social Security regulations. Tr. 18. The ALJ then determined at step three that Plaintiff had the residual functional capacity ("RFC") to perform light work with the

following limitations: Plaintiff can never climb ladders, ropes and scaffolds and can occasionally climb ramps and stairs. Plaintiff can occasionally balance and frequently handle and finger bilaterally. Tr. 19. At step four, the ALJ found Plaintiff capable of performing his past relevant work as a sales representative and therefore not disabled. Tr. 24. The ALJ relied on the testimony of the VE in making this determination. Because the ALJ found Plaintiff disabled at step four, the ALJ did not proceed to step five, and made no alternative findings as to whether Plaintiff could perform other work that exists in in the national economy.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Appeals Council denied review on March 4, 2020. Tr. 1–7. Therefore, the ALJ's decision is the final decision of the Commissioner and is properly before this Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) ("[T]he Commissioner's final decision necessarily includes an Appeals Council's denial of a claimant's request for review.").

Plaintiff then timely filed this action in federal district court.

## II.  LEGAL STANDARDS

To be entitled to Social Security benefits, a claimant must show that he is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). In evaluating a disability claim, the Commissioner has promulgated a five-

step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

First, the claimant must not be engaged in any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)–(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 404.1520a(c). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197–98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his initial burden, the burden shifts to the Commissioner at step five to show that there exists gainful employment in the national economy that claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues *de novo*, or substitute its own judgment for that of the Commissioner. *Greenspan*, 38 F.3d at 236; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the

Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)).

A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923. The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence when the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996).

### III. DISCUSSION AND ANALYSIS

Plaintiff attacks the ALJ's decision on three grounds. First, Plaintiff alleges that the ALJ failed to adopt Plaintiff's mental limitations into his RFC determination and the VE hypothetical. Dkt. No. 15 at 1. Second, Plaintiff contends the ALJ erred in finding Plaintiff's mental impairments of anxiety and depression to be non-severe. *Id*. Third, Plaintiff argues that the ALJ improperly evaluated the medical opinions of record. *Id*.

Plaintiff seeks remand for an award of benefits, contending that "[n]othing is to be gained on remand" for further proceedings "other than further delay[.]" *Id.* at 17.

The undersigned finds that remand for further administrative proceedings is warranted based on the first issue alone.

A. The ALJ erred in determining Plaintiff's RFC.

An individual's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Regulation ("SSR") 96-8p, 1996 WL 374184, at *1, *3–*5 (S.S.A. July 1, 1996). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." *Id.* at *1. Paragraphs (b), (c), and (d) relate to physical, mental, and other abilities.

When assessing mental impairments, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and pressures in a work setting. 20 C.F.R. § 404.1545(c). The ALJ uses the "paragraph B criteria" to rate the severity of a claimant's mental limitations in the following functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.* § 404.1520a(c)(3); *see id.* Part 404, Subpart P, Appendix 1. Additionally, the ALJ considers limitations and restrictions that affect other work-related abilities. 20 C.F.R. § 404.1545(d).

The RFC determination falls solely to the ALJ, who is responsible for resolving any conflicts in the evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam). The ALJ is not required to expressly state in the RFC the limitations on which it is based. *Cornejo v. Colvin*, No. EP-11-CV-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422–23 (5th Cir. 2008) (per curiam)). Nor is an ALJ required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Prior to determining Plaintiff's RFC, the ALJ concluded at step two that Plaintiff suffered from severe impairments of Parkinson's disease, lumbar spondylosis, and peripheral neuropathy. Tr. 13. The ALJ further determined at step two that Plaintiff's mental impairments of anxiety and depression were not severe.[2] Before proceeding to the RFC analysis, the ALJ found Plaintiff to be mildly limited in his ability to understand, remember, apply information, interact with others, concentrate, persist, or maintain pace, and adapt and manage himself. Tr. 15–17.

Notably, prior to determining Plaintiff's RFC, the ALJ explained:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listing in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual functional capacity

---

[2] Plaintiff challenges the ALJ's determination that his mental impairments of anxiety and depression were non-severe, arguing that the ALJ's conclusion is undermined by legal and factual errors. Dkt. No. 15 at 8–13. Because the undersigned concludes that the ALJ erred in formulating Plaintiff's RFC even when assuming the ALJ correctly found Plaintiff's mental impairments to be non-severe, the undersigned does not address Plaintiff's challenge to the ALJ's severity determination at step two.

      assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental functional analysis.

Tr. 18.

      The ALJ concluded that Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that Plaintiff can never climb ladders, ropes, and scaffolds, can occasionally climb ramps and stairs, and can occasionally balance and frequently handle and finger bilaterally. Tr. 19.

      Plaintiff's RFC determination did not include any mental limitations. In light of this omission, Plaintiff argues that the ALJ erred because, despite finding that Plaintiff suffered from mild limitations in mental functioning, the ALJ failed to incorporate mental limitations into Plaintiff's RFC or in the hypothetical question posed to the VE. Dkt. No. 15 at 5–7. The Commissioner suggests that the ALJ found Plaintiff's mental limitations to no "more than minimally affect his ability to work" and argues that the ALJ "was not required to include those impairments in the RFC nor was the ALJ required to ask the vocational expert questions concerning those impairments." Dkt. No. 16 at 21. Upon review of the record, the undersigned finds that the ALJ erred in his RFC determination.

      "The well-settled rule in this Circuit is that in making a determination as to disability, the ALJ must analyze both the disabling effect of each of the claimant's ailments and the combined effects of all of these impairments." *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) (citation and quotation marks omitted). The Fifth Circuit has explained that, "'throughout the disability determination process,' the ALJ is required to consider the combined effect of any impairments 'without regard to whether any such

9

impairment, if considered separately, would be of sufficient severity.'" *Gonzales v. Berryhill*, No. 3:16-CV-1830-BN, 2017 WL 3492215, at *6 (N.D. Tex. Aug. 15, 2017) (quoting *Loza*, 219 F.3d at 393). Even when an ALJ finds that a claimant's mental impairments are non-severe, "'the ALJ must still consider the impact of [any] non-severe impairments—either singly or in combination with other conditions—when he determines [his] RFC.'" *Gonzales v. Colvin*, No. 3:15-CV-0685-D, 2016 WL 107843, at *5 (N.D. Tex. Jan. 11, 2016) (quoting *Williams v. Astrue*, No. 3:09-CV-0103-D, 2010 WL 517590, at *8 (N.D. Tex. Feb. 11, 2010)); 20 C.F.R. 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity.") "This is because even non-severe limitations may combine with other severe impairments to prevent an individual from doing past relevant work or narrow the range of work that the individual can perform." *Tusken v. Astrue*, No. 4:08-CV-657-A, 2010 WL 2891076, at *12 (N.D. Tex. May 25, 2010), *adopted by*, 2010 WL 2891075 (N.D. Tex. July 20, 2010).

Courts within this district have found no legal error where an ALJ does not include mental limitations in a claimant's RFC so long as the ALJ considered the limiting effects and restrictions of all impairments in the RFC analysis, even those impairments that are non-severe. *See*, *e.g.*, *Gonzales*, 2016 WL 107843, at *6, *8 (holding that "the ALJ adequately discussed and considered the limiting effects of [Plaintiff's] mental impairments in formulating his RFC" when the ALJ's RFC analysis considered relevant mental health records, reports, and plaintiff's testimony regarding his mental impairments);

10

*Danny R. C. v. Berryhill*, No. 3:17-CV-1682, 2018 WL 4409795, at *15–16 (N.D. Tex. Sep. 17, 2018) (finding no legal error where the ALJ declined to include mental limitations in plaintiff's RFC because the ALJ's "decision reflect[ed] that he considered Plaintiff's mental functioning when performing his RFC analysis."). The problem the Commissioner faces in this case is that the ALJ did not adequately discuss Plaintiff's mental limitations in his RFC determination.

    As noted above, the ALJ recognized that Plaintiff suffered from non-severe mental impairments and further assessed Plaintiff with mild mental limitations in his ability to perform basic work activities. Tr. 15–17. But these limitations appear to vanish once the ALJ performs his RFC analysis. The ALJ's RFC analysis contains ample discussion and consideration of Plaintiff's physical limitations, including the medical evidence related to Plaintiff's severe impairments of Parkinson's disease, lumbar spondylosis, and peripheral neuropathy. But the ALJ does not afford the same consideration to Plaintiff's non-severe mental impairments and limitations in mental functioning. Notably absent from this analysis is a discussion of Plaintiff's non-severe mental impairments, the mental limitations recognized by the ALJ, or the medical evidence and opinions related to Plaintiff's mental limitations. Indeed, the ALJ's RFC analysis—which purports to be a more detailed analysis than the paragraph B determination at steps 2 and 3—is silent as to Plaintiff's mental limitations and mental functioning. Thus, the undersigned is unable to determine whether the ALJ properly considered the restrictions of Plaintiff's non-severe mental impairments and mental limitations in determining Plaintiff's RFC.

Not only does the ALJ have a duty to fully and fairly develop the facts relating to a claim for disability benefits, *see Ripley*, 67 F.3d at 557, the ALJ must also consider "throughout the disability determination process . . . the combined effect of any impairments 'without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Loza*, 219 F.3d at 393 (quoting 20 C.F.R. § 404.1523). Here, the ALJ's failure to consider Plaintiff's non-severe impairments and mental limitations in the RFC analysis constitutes legal error. *See Gonzales*, 2017 WL 3492215, at *6 (finding, among other things, that the ALJ erred when he failed to consider and discuss the mental limitations faced by claimant in the RFC determination); *Tusken*, 2010 WL 2891076, at *11–12 (concluding that the ALJ committed legal error when finding mild difficulty in social functioning and in maintaining concentration, persistence, and pace at step three, but failing to include any mental limitation in the RFC).

While the ALJ erred in failing to consider or include Plaintiff's mental limitations in his RFC assessment, remand is not required if the error is harmless. "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have [not] been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)).

As explained below, the ALJ's error was not harmless.

B. <u>The ALJ erred in finding Plaintiff capable of performing his past relevant work.</u>

After determining Plaintiff's RFC, the ALJ proceeded to step four of the analysis. At step four, the claimant bears the burden of showing that he cannot perform his past relevant work. *See Leggett*, 67 F.3d at 564.

If the ALJ determines that the claimant retains the RFC to perform a past relevant job, the decision must contain the following specific findings: "(1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation." *SSR: Program Policy Statement Titles II and XVI: Past Relevant Work—The Particular Job or The Occupation As Generally Performed*, SSR 82-61, 1982 WL 31387, at *1–2 (S.S.A. Jan 1., 1982); *see also Gonzales*, 2016 WL 107843, at *11. In finding that a claimant can return to his prior work, the ALJ must "directly compare the [claimant's] residual functioning capacity with the physical and mental demands of [his] previous work." *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994).

At step four an ALJ is permitted, but not required, to employ the services of a VE. 20 C.F.R. § 404.1560(b)(2) ("We may use the services of vocational experts or vocational specialists . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity."); *see also Adams v. Astrue*, No. 08-0135, 2009 WL 774845, at *7 (W.D. La. Mar. 24, 2009) ("At Step Four of the sequential evaluation process, the ALJ employed a vocational expert [] to find that [the claimant] was able to return to her past relevant work.")."'The value of a vocational expert

is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed.'" *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (quoting *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986)).

While the ALJ is not required to rely on the assistance of a VE at step four, in this case, he did. In her testimony, the VE classified Plaintiff's past work as inventory clerk, delivery driver, and sales representative. Tr. 63. The ALJ presented a hypothetical to the VE which asked her to consider an individual of Plaintiff's age, closely approaching retirement age, with a 12th grade education. *Id*. The hypothetical included Plaintiff's RFC. *Id*. The VE responded that such an individual could perform the work of a sales representative. Tr. 64. The ALJ relied on the testimony of the VE in determining at step four that Plaintiff could perform his past relevant work as a sales representative. Tr. 24.

The hypothetical question posed to the VE suffers from the same defect as the ALJ's RFC determination: the hypothetical did not encompass all of limitations recognized by the ALJ, specifically Plaintiff's mental limitations. *Bowling*, 36 F.3d at 436 (noting that a hypothetical question posed to the vocational expert by the ALJ must "incorporate reasonably all disabilities of the claimant recognized by the ALJ"). The Commissioner contends that an ALJ is not required to question a VE about a claimant's non-severe mental limitations when these "non-exertional impairments do not significantly affect [his] residual functioning capacity." Dkt. No. 16 at 21. This is a correct observation. An ALJ is not required to include in his hypothetical specific language regarding mental limitations so long as the ALJ considered such limitations in determining the RFC. *See Smith v. Colvin*, No. 3:13-CV-1884-N-BN, 2014 WL 1407437, at *5 (N.D. Tex. Mar. 24, 2014) ("The

14

record reflects that the ALJ considered the limitations in concentration, persistence, or pace when determining Plaintiff's RFC and that this RFC finding is supported by substantial evidence. The ALJ was not required to expressly include a limitation for concentration, persistence, or pace in her hypothetical to the VE.").

However, the problem with the ALJ's decision here is that the undersigned is unable to determine whether and to what extent the ALJ adequately considered Plaintiff's non-severe mental impairments and any resulting mental limitations when determining Plaintiff's RFC. This problem is compounded by the fact that the ALJ's hypothetical to the VE included the RFC determination verbatim. If an ALJ's decision is based on a defective hypothetical, the decision is not substantially justified. *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001). "Although an ALJ may make a step four decision without a VE, in any case in which the ALJ calls a VE to testify, the hypothetical question must comport with the law." *Piccolella v. Astrue*, No. 3:09-CV-696-M, 2010 WL 1051045, at *4 (N.D. Tex. Mar. 18, 2010) (citing *Boyd*, 239 F.3d at 708). Reversible error exists when the ALJ based his unfavorable decision on the VE's answer to the defective hypothetical question. *Bowling*, 36 F.3d at 436. Such error is present in this case where the ALJ relied on the VE's testimony at step four and concluded Plaintiff capable of performing his past relevant work.

Furthermore, the ALJ failed to address the mental demands of Plaintiff's past relevant work in his decision as required by SSR 82-62. The Dictionary of Occupational Titles ("DOT") describes the occupation of sales representative as requiring a specific

vocational preparation ("SVP") of 5 and a reasoning level of 4.[3] The SVP level refers to the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a particular occupation.[4] As stated in SSR 00-4p, 2000 WL 1898704, at *3 (S.S.A. Dec. 4, 2000):

> The DOT lists a specific vocational preparation (SVP) time for each described occupation. Using the skill level definitions in 20 C.F.R. 404.1568 and 416.968, unskilled work corresponds to an SVP of 1–2; semi-skilled work corresponds to an SVP of 3–4; and skilled work corresponds to an SVP of 5–9 in the DOT. Although there may be a reason for classifying an occupation's skill level differently than in the DOT, the regulatory definitions of skill levels are controlling.

At an SVP of 5, Plaintiff's past work as a sale representative is considered skilled work.[5] An occupation that requires a reasoning level of 4, such as a sale representative, requires a person to "[a]pply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists" and to "[i]nterpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form."[6]

The ALJ did not discuss the mental demands of this past work in his decision, presumably because he found no mental limitation in Plaintiff's RFC, but the undersigned

---

[3] Employment and Training Administration, U.S. Dep't of Labor, *Sales Representative*, *Hardware Supplies*, Dictionary of Occupational Titles 274.357–034 (4th ed., rev. 1991) [hereinafter DOT], *available at* DICOT 274.357–034, 1991 WL 672482 (Westlaw).

[4] *DOT*, Appendix C, (4th ed., rev. 1991), 1991 WL 688702.

[5] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain proper form, quality, or quantity of material to be produced." 20 C.F.R. § 404.1568(c). Skilled work may also require "laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustments to control or regulate the work." *Id*. Additionally, some skilled jobs "may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." *Id*.

[6] *See supra* note 3.

has already pointed out the error in the ALJ's RFC determination. The ALJ's RFC determination could have been different had he properly considered the mental limitations Plaintiff faces. This, in turn, could have resulted in a different outcome at step four were the ALJ to properly evaluate Plaintiff's mental impairments in the context of the mental demands of Plaintiff's past work, i.e., a finding that Plaintiff is unable to perform his relevant past work as a sales representative and proceeding to step five in the analysis. The undersigned cannot conclude that this error is harmless.

The undersigned has determined that the ALJ erred, not that Plaintiff is entitled to the receipt of benefits. Accordingly, the undersigned recommends that the hearing decision be reversed and remanded for further administrative proceedings. On remand, the undersigned recommends that "the interaction or cumulation of all of [Plaintiff's] mental and physical medical problems and impairments" be considered in the ALJ's determination. *Loza*, 219 F.3d at 399.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the hearing decision be REVERSED and this case REMANDED to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

## V.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 19th day of July, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE