IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| GARY LANE P., [1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-CV-0068-H-BU |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gary Lane P. filed this action seeking judicial review of an unfavorable decision of the Commissioner of Social Security regarding his disability insurance benefits under 42 U.S.C. § 405(g).. *See* Dkt. Nos. 1, 15. Under Special Order No. 3-251 of this Court, this case was automatically referred for the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendation of dispositive matters.

After reviewing Plaintiff's and Commissioner's briefs, the undersigned entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge recommending that the ALJ's decision be reversed and remanded for further administrative action under the fourth sentence of 42 U.S.C. § 405(g).  Dkt. No. 18. The Honorable United States District Judge James Wesley Hendrix accepted the FCR, and remanded the case to the Commissioner for further proceedings. Dkt. No. 19.

Now before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. Dkt. No. 21. The Commissioner filed a response in which she agrees that Plaintiff is

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial

the prevailing party under the EAJA and that the hourly rate and number of hours sought by Plaintiff are both reasonable. Dkt. No. 22 at 1. The undersigned has also independently determined that both the hourly rate and number of hours sought by the Plaintiff is reasonable. Thus, having considered Plaintiff's motion and the Commissioner's response, the undersigned is of the opinion that the motion should be GRANTED. Accordingly, the undersigned RECOMMENDS that Plaintiff be awarded $8,644.94 in attorneys' fees, representing 46.2 hours at the hourly rate of $187.12.

RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996).

IT IS SO ORDERED this 9th day of November, 2021.

.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE